# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 12-616V
Filed: August 22, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JESSICA HANSON,                          \*
                                         \*
       Petitioner,              \*   Attorneys' fees and costs decision based on
                                         \*   stipulation of facts
v.                                       \*
                                         \*
SECRETARY OF HEALTH                      \*
AND HUMAN SERVICES,                      \*
                                         \*
       Respondent.              \*
                                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ronald C. Homer, Boston, MA, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 22, 2014, the parties filed a stipulation of facts in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

Petitioner filed an application for attorneys' fees and costs on August 19, 2014. During informal discussions, respondent raised objections to certain items in petitioner's application. Based on these objections, petitioner amends her application to request $39,250.00 for attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

fees and costs and $38.00 for petitioner's costs.   Respondent does not object to these amounts.  The undersigned finds these amounts to be reasonable.   Accordingly, the court awards:

a. **$39,250.00**, representing reimbursement for attorneys' fees and costs.   The award shall be in the form of a check payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C. in the amount of **$39,250.00**; and

b. **$38.00**, representing reimbursement for petitioner's costs.   The award shall be in the form of a check payable to petitioner in the amount of **$38.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 22, 2014                                                                                     s/ Laura D. Millman
                                                                                                                              Laura D. Millman
                                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.